UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| RONALD TROY BILLEAUDEAU | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiff, | * | JUDGE: |
| | * | |
| VERSUS | * | MAG. JUDGE: |
| | * | |
| DANWAYS EXPRESS, LLC, OTIS BAZILE, | * | **JURY TRIAL** |
| AND GREAT AMERICAN INSURANCE CO. | * | |
| | * | |
| Defendants. | * | |
| | * | |

**PETITION FOR REMOVAL**

**NOW INTO COURT**, through undersigned counsel, come Defendants, DANWAYS EXPRESS, LLC and NATIONAL SPECIALTY INSURANCE COMPANY, improperly named United Specialty Insurance Company (hereinafter, "Defendants"), who allege and aver, as follows:

1.

The above-entitled case was filed in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, where it is still pending, under Civil Docket Number 2018-c-4223 "C." The original *Petition for Damages* was filed on **or about September 13, 2018**. *See*: **Exhibit A – Petition for Damages.** In the original Petition, Plaintiff named Danways Express, LLC, Otis Bazile, and Great American Insurance Company as party-Defendants. *See*: **Exhibit**

**A – Petition for Damages, ⁋ 1.** Great American Insurance Company was improperly named as a Defendant.

2.

Plaintiff, Ronald Troy Billeaudeau, then amended his Petition to substitute National Specialty Insurance Company, improperly named, United Specialty Insurance Company for Great American Insurance Company.  The *First Supplemental and Amending Petition for Damages* was filed on or about October 3, 2018.  Plaintiff named Danways Express, LLC, Otis Bazile, and National Specialty Insurance Company, improperly named, United Specialty Insurance Company, as party-Defendants.  See **Exhibit B – First Supplemental and Amending Petition for Damages, ⁋ 1.**

3.

This civil litigation arises from an accident that occurred on U.S. Highway 190 East in the City of Opelousas, Parish of St. Landry, involving a 2010 Chevrolet Impala driven by Plaintiff, and a 2012 Freightliner tractor-trailer driven by Defendant, Mr. Otis Bazile.  *See*: **Exhibit A – Petition for Damages, ⁋ 2.**

4

Plaintiff alleges that he sustained personal injuries as a result of this accident.  More specifically, he claims that he sustained "severe, and disabling injuries . . . including but not limited to a brain injury causing a subdural hematoma, broken vertebra in his neck, injuries to his lumbar spine, broken ribs, facial laceration and other injuries."  *See*:  **Exhibit A – Petition for Damages, ¶ 3.**

**AMOUNT IN CONTROVERSY**

5.

La. C.C.Pr. art. 893 specifically prohibits the pleading of the amount of monetary damages sought. In his *Petition for Damages* and *his First Supplemental and Amending Petition for Damages,* Plaintiff did not set forth the specific amount of damages sought therein, he only stated that his claims are worth more than $50,000, the amount necessary for a jury trial. *See*: **Exhibit A – Petition for Damages, ¶ 9.**

6.

However, in his Petition for Damages, Plaintiff alleged that he suffered "severe, and disabling injuries . . . including but not limited to a brain injury causing a subdural hematoma, broken vertebra in his neck, injuries to his lumbar spine, broken ribs, facial laceration and other injuries." See: **Exhibit A – Petition for Damages, ¶ 3.**

7.

Additionally, in his Petition for Damages, Plaintiff stated that he is "entitled to recover damages for past and future mental and physical pain and suffering; past and future medical travel expenses; past and future medical expenses; past and future loss of wages; pass and future loss of earning capacity; past and future loss of enjoyment of life; past and future disability and impairment; and past and future mental anguish and property damage to his vehicle, all in an amount greater than $50,000." See: **Exhibit A – Petition for Damages, ¶ 9.**

8.

No discovery has been performed at this time.

9.

The amount in controversy for these injuries exceeds $75,000.00, exclusive of interests

and costs. *Short v. Plantation Mgmt. Corp.*, 1999-0899 (La. App. 1 Cir. 12/27/00), 781 So. 2d 46, 2000 WL 1874228; *Mahmood v. Cathey*, 43,189 (La. App. 2 Cir. 4/30/08), 981 So. 2d 831, 838, 2008 WL 1886626; *Malone v. State, Dep't of Health & Human Res., Office of Hosps.*, 569 So. 2d 1098, 1990 WL 174186 (La. Ct. App. 1990). The amount in controversy for a fractured vertebrae may be $75,000 or more. *Comeaux v. Acadia Parish School Board*, 2009-109 (La. App. 3 Cir. 6/3/09); 13 So. 3d 252; *Istre v. Bratton*, 94-1182 (La. App. 3 Cir. 3/8/95); 653 So. 2d 1205; *Brown v. Beauregard Elec. Coop Inc.*, 94-512 (La. App. 3 Cir. 12/14/94); *Moorev. Kenilworth/Kailas Properties*, 2003-0738 (La. App. 4 Cir. 1/7/04); 865 So. 2d 884. The amount in controversy in a closed-head injury with minimal post-concussion syndrome and mild cognitive impairment and memory loss may be placed in the $125,000 to $350,000 range. *Bullock v. The Rapides Foundation*, 2006-26, (La. App. 3 Cir. 10/11/06); 941 So. 2d 170; *Kerrigan v. Imperial Fire And Casualty Inc.*, 748 So. 2d 67 (La. App. 3 Cir. 11/3/99); *Classic Imports, Inc. v. Singleton*, 97-0242 (La. App. 4 Cir. 11/12/97), 702 So. 2d 1187; *Frazer v. St. Tammany Parish School Bd.*, 99-2017 (La. App. 1 Cir. 12/22/00), 774 So. 2d 1227. *Locke v. Young*, 42,703 (La. App. 2 12/12/07), 973 So. 2d 831; *Brandao v. Wal-Mart Stores, Inc.*, 35,368 (La. App. 2 Cir. 12/19/01), 803 So. 2d 1039; *Cox. v. Moore*, 01-878 (La. App. 3 Cir. 12/12/01), 805 So. 2d 277; *Thom v. Benson Chevrolet Company*, 99-1150 (La. App. 5 Cir. 4/25/00), 759 So. 2d 988. The amount in controversy for rib fractures alone may be placed at $5,000 per rib. *Johnson v. State Farm Insurance Co.*, 09-667, (La. App. 3 Cir. 12/9/09), 27 So. 3d 307.

## TIME OF REMOVAL

10.

Plaintiff filed the original *Petition for Damages* on or about **September 13, 2018**.

11.

Therefore, one (1) year *has not yet elapsed* since the filing of the *Petition for Damages*. Therefore, removal is appropriate.

12.

Defendant, National Specialty Insurance Company, improperly named, United Specialty Insurance Company, was served with a copy of the *Petition for Damages* and the *First Supplemental and Amending Petition for Damages* on or about **October 17, 2018**. Therefore, thirty (30) days *have not yet elapsed* since the service of process of the *Petition on this Defendant*. Therefore, removal is appropriate.

13.

Danways Express, LLC was served through the long-arm statute. **See Exhibit C – Service Information.** Otis Bazile has not been served. However, the undersigned counsel will represent Otis Bazile once he is served. Mr. Bazile consents to the removal.

## DIVERSITY OF CITIZENSHIP

14.

Plaintiff is domiciled and is a resident/citizen of the State of Louisiana. *See*: **Exhibit A – Introductory Paragraph.**

15.

Defendant, Otis Bazile, is a person of the full age of majority who is domiciled in and is a citizen of the State of Texas.  He is not a resident/citizen of the state of Louisiana.  *See*: **Exhibit A – Petition for Damages, ¶ 1 (a).**

16.

Defendant, Danways Express, LLC is a limited liability company organized under the laws of and is a citizen of the state of Texas.  It has one owner / member, Mr. Danson Kjenje, and he is a resident/citizen of the state of Texas.  Thus, Danways Express, LLC and its owners/members are not citizens of the state of Louisiana.  *See*: **Exhibit B – First Supplemental and Amending Petition for Damages, ¶ 1, also Exhibit D *in globo* – Company Information.**

17.

Defendant, National Specialty Insurance Company, improperly named, United Specialty Insurance Company, is a foreign insurance company.  *See*: **Exhibit B – First Supplemental and Amending Petition for Damages, ¶ 1.**  National Specialty Insurance Company is a corporation and it is a citizen of the state of Texas.  It was organized under the laws of the State of Texas and its principal place of business is in Texas.  See: **Exhibit E *in globo* – Company Information.**  Great American Insurance Company is not a proper party-Defendant and Plaintiff substituted the proper party, National Specialty Insurance Company, improperly named, United Specialty Insurance Company, in its First Supplemental and Amending Petition for Damages.  Therefore, the citizenship of Great American Insurance Company is irrelevant.  However, inclusion of that company would not destroy diversity (Ohio Citizen).  *See*: **Exhibit F, Company Information.**  Great American Insurance Company was improperly named as a

Defendant and its consent is unnecessary.  However, if not properly dismissed yet, Defendant avers that Great American Insurance Company has consented to the removal.  *See*:  **Exhibit G, Email.**

18.

Defendants aver that this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to Article III of the United States Constitution and 28 U.S.C. §1332, in that Plaintiff is diverse from the properly named and served Defendants with the *Petition for Damages* and *First Supplemental and Amending Petition for Damages,* ¶ 1.

19.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, by filing of this Notice and the Notice of Removal into the record of the state court action, and to Plaintiff through his attorney(s) of record.

## JURY DEMAND

20.    .

Defendants are entitled to and request a trial by jury on all issues herein.


WHEREFORE, Defendants, Danways Express, LLC and National Specialty Insurance Company, pray that the suit entitled, "*Ronald Troy Billeaudeau vs. Danways Express, LLC, Otis Bazile and Great American Insurance Company,*" presently pending in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, and bearing Docket Number 18-C-4223

"C", be removed to this, the United States District Court, Western District of Louisiana, Lafayette Division, and for trial by Jury and all just and equitable relief as allowed by law.

          Respectfully submitted,

          *s/ Jean E. Lavidalie, Jr.*

          GUY D. PERRIER, #20323, T.A.
          JEAN E. LAVIDALIE, JR., #27547
          Perrier & Lacoste, LLC
          365 Canal Street, Suite 2550
          New Orleans, Louisiana  70130
          Tel:  (504) 212-8820
          Fax:  (504) 212-8825
          Email:  gperrier@perrierlacoste.com
          **Direct Dial:  (504) 212-8822**
          Email:  jlavidalie@perrierlacoste.com
          **Direct Dial:  (504) 212-8823**
          **ATTORNEYS FOR DEFENDANTS**